Tompkins, J.,
delivered the opinion of the Court,
Barns sued Holland in debt before a Justice of the Peace, and; had judgment, Holland appealed to the-Circuit Court, where his appeal was dismissed, and the-judgment of the Justice was reversed. ' To reverse the judgment of the Circuit Court, Barns prosecutes his writ of error.
From the hill of exceptions we learn.that the defendant showed the Court that' there were' then pending in. that Court two other suito-’Between the same parties,, brought there by appeal from-the judgment of the same Justice who tried this cause. It appeared also that the judgments rendered by the Justice were for the following sums: one for ninety dollars debt, and six dollars ninety-seven and a half cents damages ; another for sixty dollars debt, and eleven dollars and-.eighty-five cents damages j, and the third for thirty-seven dollars debt, and five dollars and.eight cents damages. The three-judgments aforesaid were obtained before the same Justice of the Peace, and the suits were all founded on three several notes delivered-to the Justice by the plaintiff at the same time to be sued on, and.suit being; accordingly commenced on them, they were all tried on the same day.
The defendant then moved the Court to consolidate the said actions, “ and the-Court thereupon (it is said in the bill of exceptions) ordered that this and the two-other suits should he dismissed.-for want of jurisdiction in the Justice of the Peace-of the said suits.”
The act establishing Justices’’ Courts, and regulating the collection of small debts, gives the Justices of the Peace cognizance of all actions of debt, covenant, assump-sit, hook account, and other actions arising on-contracts, where the sum or balance- *35 due, or damages or thing demanded, shall not exceed ninety dollars. Each several' note sued on is a separate demand, neither of which exceeds ninety dollars. The mode of proceeding' is prescribed by the statute, and no power is given by it to the' Justice, or to any other judicial officer, to compel the plaintiff suing before a Justice of the Peace;, either to sue on all the demands he may have on one defendant, or to' consolidate bis actions after he may have sued on several demands. It seems to be the policy of the law making power to induce creditors to- collect debts before a-Justice of the Peace, in order to prevent the accumulation of costs, and the defendant by executing to the plaintiff three-several notes,, seems to have preferred that mode-of proceeding. Why the appeal was dismissed does not appear, except from-the reasoning of the Court saved in the bill of exceptions. The judgment of the-Justice, if he had no jurisdiction, should certainly have been reversed. But the' Circuit Court dismissed the appeal, and having thus divested itself of all control over the cause, then reverses the j udgment of the Justice. By dismissing the appeal from the Justice, the'judgment of the Justice is left in full force y for the appeal only had-suspended the Justice’s power to issue execution. The appeal seems to have been well and regularly taken y had it not been so, the judgment of the Circuit Court dismissing it must have been affirmed. There is error then, we think, in dismissing the-appeal, and still more error in- reversing the Justice’s judgment, for we think he had-jurisdiction 5 and even if he liad none, the Circuit Court, by dismissing the appeal, had lost the power to reverse the judgment; for the appeal alone had given the Court possession of the cause.
The judgment of the Circuit Court is therefore reversed, and that Court is required' to restore the cause to- its place on its docket, and to proceed therein in conformity with this opinion.